1  BRIEN J. FARRELL, City Attorney (SBN 088318)
   MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
2  City of Santa Rosa
   100 Santa Rosa Avenue, Room 8
3  Santa Rosa, California 95404

4  Telephone:  (707) 543-3040
   Facsimile:   (707) 543-3055
5
   Attorneys for Defendants
6  Michael J. Reynolds and Betsy Strauss

7

8

9                    UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| RANDALL L. EDWARDS, BETTY SUE EDWARDS, | Case No.  C 07 4710 (MMC) |
| Plaintiffs, | **DEFENDANTS MICHAEL J. REYNOLDS' AND BETSY STRAUSS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND MOTION TO DISMISS** |
| v. | |
| MICHAEL J. REYNOLDS, BETSY STRAUSS, CITY OF SANTA ROSA, A Municipality, | |
| Defendants. | |
| _____ / | Date:    November 30, 2007<br>Time:    9:00 a.m.<br>Place:   Courtroom 7, 19th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA<br>Judge:   Hon. Maxine Chesney |

## I.

### <u>Issue</u>

Plaintiffs, in pro se, have filed a complaint for damages under 42 U.S.C. § 1983.  They assert six causes of action against two individual defendants and the City of Santa Rosa.

Should the court dismiss the five causes of action against the individual defendants when plaintiffs have failed to allege sufficient facts and elements of a §1983 violation?

Memorandum of Points and Authorities                                                                                        1

## II.

## **Standards for a Rule 12(b)(6) Motion**

A dismissal under Rule 12(b)(6) may be based upon the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.[1]  And while the court must accept as true all material allegations in the complaint, it need not accept as true conclusory allegations and unwarranted inferences.[2]

Pro se pleadings are construed liberally on a defendant's motion to dismiss for failure to state a claim.[3]  However, a pro se plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint.[4]

## III.

## **Plaintiffs Have Failed to Allege Sufficient Facts to Support A Claim for a § 1983 Claim**

To sustain an action under § 1983, a plaintiff must show: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived the plaintiff of a constitutional right.[5]

Private conduct is not action under color of state law.[6]  Yet, that is what plaintiffs allege against Reynolds and Strauss.  Throughout their complaint, plaintiffs allege that these defendants acted in "private capacity" (see, for example, paragraphs 2, 3, 36, 37, 40 and 41).  In fact, plaintiffs allege in their Third and Fifth causes of action,

> "Therefore, the cause of action is actionable under 42 U.S.C. 1983 for damages in [defendant's] private capacity in the amount of $100,000."

---

[1]  *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699.

[2]  *Holden v. Hagopian* (9th Cir. 1992) 978 F.2d 1115, 1121; *Pareto v. FDIC* (9th Cir. 1998) 139 F.3d 696, 699.

[3]  *Thompson v. Davis* (9th Cir. 2002) 295 F.3d 890, 895.

[4]  *Henderson v. Sheahan* (7th Cir. 1999) 196 F.3d 839, 846.

[5]  *Balistreri; supra; Cassettari v. County of Nevada* (9th Cir. 1987) 824 F.2d 735, 738.

[6]  *NCAA v. Tarkanian* (1988) 488 U.S. 179, 191; *Freier v. New York Life Ins. Co.* (9th Cir. 1982) 679 F.2d 780, 783.

Memorandum of Points and Authorities                                                                                    2

Case 3:07-cv-04710-MMC    Document 9    Filed 10/03/2007    Page 3 of 4

## IV.

## Administrative Hearing Officers Have Absolute Immunity

## From Personal Liability for Damages

Hearing officers that perform adjudicatory functions are entitled to absolute immunity from damages liability for their judicial acts.[7]  As noted by the Ninth Circuit,

> "Judges enjoy absolute immunity from civil rights suits in order to keep the judicial decision-making process pristine... we expect and require the judge to be an impartial fact finder.  When he or she weighs the merits of the case, we do not want the scales to be tipped by fear of litigation.  The adjudicatory process simply could not work if the adjudicator had to anticipate a possible lawsuit from every dissatisfied litigant."[8]

Plaintiffs refer to defendant Strauss as an Administrative Hearing Officer (paragraph 18) and allege she participated in an administrative hearing (paragraph 18) and entered an Administrative Enforcement Order (paragraph 21).  They also refer to an administrative hearing and administrative hearing officer in paragraph 36.  Likewise, in paragraph 40, defendant Strauss is accused of "getting" an administrative enforcement order.

Defendant Strauss has absolute immunity from personal liability for damages.  The court may permit a motion to dismiss based on "nonenumerated" defenses.[9]

## V.

## Conclusion

Plaintiffs have failed to allege that defendants Reynolds and Strauss were acting under color of state law.  To the contrary, plaintiffs claim that the defendants were acting in their "private capacity".  Private conduct is not actionable under § 1983.

---

[7] See *Butz v. Economou* (1978) 438 U.S. 478, 514; *Sellars v. Procunier* (9th Cir. 1981) 641 F.2d 1195, 1302-1303.

[8] *Sellars, supra*, 1303.

[9] See *Ritza v. Inter. Longshoreman's & Warehousemen's Union* (9th Cir. 1988) 837 F.2d 365, 369; *Schwarzer,* Federal Civ. Proc. Before Trial, § 9:239.5.

Memorandum of Points and Authorities                                                                                         3

1   Furthermore, the complaint alleges that Strauss was acting as an administrative hearing
2   officer. She is, therefore, entitled to absolute immunity from damages liability.
3   Defendants respectfully request that this motion be granted.

6   Dated:   October _____, 2007

    _____
    MICHAEL J. CASEY
    Assistant City Attorney
    Attorneys for Defendants Michael
    J. Reynolds and Betsy Strauss