United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   RANDALL L. EDWARDS, et al.,                    No. C-07-4710 MMC

12              Plaintiffs,                         **ORDER DENYING DEFENDANTS'**
                                                    **MOTION TO DISMISS; VACATING**
13        v.                                        **HEARING**

14   MICHAEL J. REYNOLDS, et al.,

15              Defendants
     _____/
16

17        Before the Court is defendants Michael J. Reynolds ("Reynolds") and Betsy

18   Strauss's ("Strauss") motion, filed October 3, 2007, to dismiss plaintiffs Randall L. Edwards

19   and Betty Sue Edwards' complaint.[1]  Plaintiffs, who are appearing pro se, have not filed a

20   response.[2]  Having reviewed the papers submitted in support of the motion, the Court

21   deems the matter suitable for decision thereon, VACATES the hearing scheduled for

22   November 30, 2007, and rules as follows.

23                                      **BACKGROUND**

24        In their complaint, plaintiffs allege that Reynolds cited plaintiffs in March 2006 for

25   certain Santa Rosa building code violations in an effort to generate "revenue," and that,

26   _____

27        [1]A third defendant, the City of Santa Rosa, has not appeared herein.

28        [2]Pursuant to the Civil Local Rules of this District, opposition was due no later than
     November 9, 2007.  See Civil L. R. 7-3(a) (providing opposition to motion must be filed no
     later than 21 days before hearing date).

1   thereafter, he removed from a county office "public records" pertaining to plaintiffs' property

2   that, according to plaintiffs, would have shown plaintiffs had obtained building permits.

3   (See Compl. ¶¶ 12-16, 33.)  Plaintiffs further allege that an administrative hearing was

4   conducted by Strauss, at which hearing Reynolds testified as to plaintiffs' building code

5   violations; plaintiffs allege they received no notice of the hearing.  (See Compl. ¶¶ 18-19.)

6   Plaintiffs further allege that Strauss, on January 2, 2007, issued an "Administrative

7   Enforcement Order," finding plaintiffs were liable for $175,000, plus administrative costs of

8   $579.58.  (See Compl. ¶ 20.)  Plaintiffs allege that in April 2007, they sought relief from the

9   Santa Rosa City Council, but, to date, have received no response to their request for relief.

10  (See Compl. ¶ 22.)  Based on these allegations, plaintiffs seek monetary relief pursuant to

11  42 U.S.C. § 1983.

12                          **LEGAL STANDARD**

13          Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

14  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

15  cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir.

16  1990).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain

17  statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P.

18  8(a)(2).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does

19  not need detailed factual allegations."  See Bell Atlantic Corp. v. Twombly,  127 S. Ct.

20  1955, 1964 (2007).  Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his

21  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

22  of the elements of a cause of action will not do."  See id. at 1965.  "Factual allegations must

23  be enough to raise a right to relief above the speculative level[.]"  Id.  In analyzing a motion

24  to dismiss, a district court must accept as true all material allegations in the complaint, and

25  construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc.

26  v. Kaplan, 792 F. 2d 896, 898 (9th Cir. 1986).

27  //

28  //

                                    2

1

**DISCUSSION**

2          Defendants seek dismissal on two grounds.

3  **A. Acting Under Color of State Law**

4          Defendants argue that plaintiffs fail to state a claim under § 1983, because plaintiffs

5  have not alleged facts to support a finding that either defendant took action under color of

6  law.  See Cassettari v. Nevada County, 824 F. 2d 735, 738 (9th Cir. 1987) (holding claim

7  under § 1983 requires showing defendant, while "acting under color of state law," deprived

8  plaintiff of federal right).  The Court disagrees.

9          The complaint can readily be interpreted as alleging Reynolds, while acting pursuant

10  to Santa Rosa building code ordinances, and Strauss, while conducting an administrative

11  hearing regarding alleged code violations, deprived plaintiffs of federal rights.[3]  Indeed, it is

12  difficult, if not impossible, to interpret the complaint as alleging that Reynolds and Strauss

13  were acting as private citizens while engaging in the conduct set forth in the complaint.[4]

14          Accordingly, defendants have failed to show they are entitled to dismissal on the

15  ground plaintiffs fail to state a claim under § 1983 by reason of their failure to allege the

16  requisite state action.

17  **B. Absolute Immunity**

18          Defendants argue that plaintiffs' claims against Strauss are subject to dismissal on

19  the ground of absolute immunity.

20          "Under certain circumstances, absolute immunity is  . . . extended to agency

21  representatives performing functions analogous to those of a . . . judge."  Olsen v. Idaho

22  State Board of Medicine, 363 F. 3d 916, 923 (9th Cir. 2003).  In determining whether a

23  defendant performs functions analogous to a judge, a district court is required to consider

24  _____

25          [3]Defendants do not argue plaintiffs have failed to allege defendants deprived
plaintiffs of a federal right or rights.

26          [4]Defendants' rely on the complaint's reference to plaintiffs' prayer for damages, in
27  which plaintiffs seek damages from each defendant in that defendant's "private capacity."
(See, e.g., Compl. ¶¶ 37, 41.)  Contrary to defendants' argument, the Court does not
28  understand such reference to be a concession that each defendant was not acting under
color of state law, but, rather, that each defendant is personally liable for the alleged harm.

3

1  certain "factors." See id. at 924.  Specifically, the district court must consider the following:

2  "the need to assure that the individual can perform his functions without harassment or

3  intimidation"; "the presence of safeguards that reduce the need for private damages actions

4  as a means of controlling unconstitutional conduct"; "the [agency's] insulation from political

5  influence"; "the importance of precedent"; "the adversary nature of the process"; and "the

6  correctability of error on appeal." See id.

7        Here, defendants offer no evidence outside the four corners of the complaint.

8  Consequently, the only information before the Court pertaining to whether Strauss is

9  entitled to absolute immunity are plaintiffs' allegations that Strauss conducted a hearing

10 without affording plaintiffs any notice, only considered testimony from Reynolds and

11 thereafter imposed a fine on plaintiffs, and plaintiffs' allegation that they have been unable

12 to obtain any review of the decision by the Santa Rosa City Council.  Such allegations,

13 assumed true for purposes of a motion to dismiss, are insufficient to warrant a finding of

14 absolute immunity as a matter of law.  Cf. id. at 924-26 (affirming district court's grant of

15 summary judgment in favor of defendant board members of Idaho State Board of

16 Professional Discipline for claims based on defendants' refusal to reinstate plaintiff's

17 medical license; holding defendants offered sufficient undisputed evidence to establish,

18 inter alia, that defendants "function under a comprehensive set of statutes and regulations,"

19 defendants "are sufficiently insulated from political pressures," and state "provides a

20 scheme of appeal" to parties appearing before defendants).

21        Accordingly, defendants have not shown Strauss is entitled to dismissal on the basis

22 of absolute immunity.

23                              **CONCLUSION**

24        For the reasons stated, defendants' motion to dismiss is hereby DENIED.

25        **IT IS SO ORDERED.**

26

27 Dated:  November 26, 2007

28                              _____
                                MAXINE M. CHESNEY
                                United States District Judge

                                    4