BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
100 Santa Rosa Avenue
Santa Rosa, California 95404

Telephone: (707) 543-3040
Facsimile: (707) 543-3055

Attorneys for Defendants

FILED
APR 04 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RANDALL L. EDWARDS, BETTY S. EDWARDS,

Plaintiffs,

vs.

MICHAEL J. REYNOLDS, BETSY STRAUSS, CITY OF SANTA ROSA, A Municipality,

Defendants

Case No.: C 07-4710 (MMC)

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE**

[F.R.CIV.P.34]

---

PROPOUNDING PARTY: Plaintiffs Randall L. Edwards and Betty Sue Edwards

RESPONDING PARTY: Defendants Michael J. Reynolds, Betsy Strauss, and City of Santa Rosa

SET NUMBER: One

YOU ARE HEREBY requested under Federal Rules of Civil Procedure, Rule 34, to produce for the plaintiffs all documents requested. The documents requested shall be produced for inspection, copying, and/or photocopying by defendants on April 24, 2008, at 10:00 a.m. at 320 College Avenue, Ste, 300, Santa Rosa, California, 95401.

The documents and things are described as all documents requested, currently in the possession, custody, or control of defendants, not privileged, and relevant to the

Subject matter of this action or reasonably calculated to lead to discovery of admissible evidence in this action.

In responding to these demands for production, you are required to furnish all information that is available to you, including information in the possession of your attorneys, accountants, agents, employees, representatives, investigators, or any other persons directly or indirectly employed by or connected with you or your attorney, and anyone else otherwise subject to your control. The response shall be verified and identify the documents, papers, books, accounts, letters, photographs, objects, or tangible things falling within the category specified in the demand.

In responding to these demands for production, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If a demand has subparts, answer each subpart separately and in full and do not limit your response to the demand as a whole. If these demands for production cannot be responded to in full, respond to the extent possible, specify the reason for your inability to respond to the remainder, and state whatever information and knowledge you have regarding the portion not responded to. If you cannot provide a complete response to any of these demands for production because your investigation of the incident which is the subject of this litigation is continuing or incomplete, please give an approximate date of the time when you expect your investigation to be complete so as to enable you to respond fully to the particular demand for production.

Dated this March 24, 2008

Randall L. Edwards

Betty S. Edwards

Randall L. Edwards
Betty Sue Edwards
320 College Ave. Ste 300
Santa Rosa, CA 95401
Phone: 707-484-6865
Fax: 707-571-2002

**IN THE DISTRICT COURT OF THE UNITED STATES**

**NORTHER DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Randall L. Edwards<br>Betty Sue Edwards,<br>Plaintiffs,<br><br>VS.<br><br>Michael J. Reynolds<br>Betsy Strauss,<br>City of Santa Rosa, A municipality<br>Defendants | Case No.: C 07-4710 (MMC)<br><br>**PLAINTIFFS INTERROGATORIES SET ONE**<br><br>[F.R.CIV.P. 33] |

PROPOUNDING PARTY: Plaintiffs Randall L Edwards and Betty Sue Edwards

RESPONDING PARTY: Defendants Michael J. Reynolds, Betsy Strauss, City of Santa Rosa

INTERROGATORY NO 1:

What building code section requires a permit for the house involved in this litigation for the installation of retro fit windows?

INTERROGATORY NO 2:

Identify the pertinent documents, tangible things that support the facts listed in your answer to Interrogatory No. 1.

INTERROGATORY NO 3:

What year did the City of Santa Rosa adopt building codes that would apply to Plaintiffs violations?

INTERROGATORY NO 4:

Identify the pertinent documents, tangible things that support the facts listed in your answer to Interrogatory No. 3.

INTERROGATORY NO 5:

What year was the alleged carport enclosed into a garage?

INTERROGATORY NO 6:

Identify the pertinent document, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 5.

INTERROGATORY NO 7:

What year was the alleged attached garage turned into living space?

INTERROGATORY NO 8:

Identify the pertinent documents, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 7.

INTERROGATORY NO 9:

What year was a permit paid for and accepted for the installation of the swimming pool?

INTERROGATORY NO 10:

What year did the Defendant City of Santa Rosa complete its inspection and fulfill its due diligence of inspection of the swimming pool?

INTERROGATORY NO 11:

What year did the Defendant City of Santa Rosa notice Plaintiffs that the alleged pool was in violation?

INTERROGATORY NO 12:

Please provide any certified proof the Plaintiffs were informed of any alleged violations.

INTERROGATORY NO 13:

What year did the Defendant, City of Santa Rosa and Defendant Reynolds notice Plaintiffs that the swimming pool may be in violation?

INTERROGATORY NO 14:

What year was the alleged fence constructed?

INTERROGATORY NO 15:

Identify the pertinent documents, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 14.

INTERROGATORY NO 16:

What year was the back portion of alleged addition to the house started?

INTERROGATORY NO 17:

Identify the pertinent documents, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 16.

INTERROGATORY NO 18:

What year did the property owners request and pay for a permit for the alleged remodel for the addition to the house?

INTERROGATORY NO 19:

Identify the pertinent documents, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 18.

INTERROGATORY NO 20:

What year did the Defendant, City of Santa Rosa complete its inspection and fulfill its due diligence of any finalization of the alleged construction.

INTERROGATORY NO 21:

Identify the pertinent documents, tangible things and names and addresses of persons that support the facts listed in your answer to Interrogatory No. 20.

INTERROGATORY NO 22:

Did Defendant Reynolds remove the Plaintiffs file from the public record?

INTERROGATORY NO 23:

If the answer is yes, did Defendant Reynolds leave a note, if required by policy, that he removed the file from public record.

INTERROGATORY NO 24:

As to Defendant Strauss, provide verified proof that Plaintiffs were noticed of the first Administrative hearing at which Defendant Strauss created an Administrative judgment for $175,000.00

INTERROGATORY NO 25:

Provide an Oath of Office for Defendant Strauss

INTERROGATORY NO 26:

Please provide proof Defendant Strauss has authority to conduct a civil hearing provided for under the authority of the United States Constitution and obtain a money judgment.

INTERROGATORY NO 27:

Provide proof that Plaintiffs stipulated to Defendant Strauss's giving her authority over Plaintiffs.

INTERROGATORY N0 28:

Provide proof that Sue Edwards sent the unsigned and undated letter to Department of Community. See Exhibit A.

Dated: March 24, 2008

Randall L. Edwards

Betty Sue Edwards

PROOF OF SERVICE

(CCP 1013a, 2015.5CRC 2008)

I am over the age of 18 years and not a party to the within action. My address is 320 College Avenue, Ste. 300, Santa Rosa, CA.

On ~~March 4, 2008,~~ April 1, 2008 I served the attached: **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS,** on the following parties to this action by placing a true copy therein in a sealed envelope, addressed as follows:

OFFICE OF THE CLERK
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

[X] (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[ ] (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other fairly regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) above.

[ ] (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on March 4, 2008, at Santa Rosa, California.

Rebecca Asbury 4/1/08

PROOF OF SERVICE

(CCP 1013a, 2015.5CRC 2008)

I am over the age of 18 years and not a party to the within action. The address is 320 College Avenue, Ste. 300, Santa Rosa, CA.

On March 4, 2008, I served the attached: **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS,** on the following parties to this action by placing a true copy therein in a sealed envelope, addressed as follows:

OFFICE OF THE CITYATTORNEY
Brien J. Farrell, City Attorney
Michael J. Casey, Assistant City Attorney
100 Santa Rosa Avenue, Room 8
Santa Rosa, CA 95404

[X] (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[ ] (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other fairly regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) above.

[X] (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on March 4, 2008, at Santa Rosa, California.

3/24/2008 12:14

OFFICE OF THE CLERK
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Case No. : C 07-4710 (MMC)

April 1, 2008

Please include the enclosed copy of the Plaintiffs' request for production of documents and things, set one. The documents were hand-delivered on March 24, 2008.

Sincerely,

Randall L. Edwards

Betty Sue Edwards

ald & Betty Sue Edwards
College Ave, Ste 300
Rosa, CA 95401

RECEIVED
APR - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Clerk
United States Distri
Northern District of
450 Golden Gate
San Francisco, CA