BRIEN J. FARRELL, City Attorney (SBN 088318)
MICHAEL J. CASEY, Assistant City Attorney (SBN 095730)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404

Telephone:  (707) 543-3040
Facsimile:   (707) 543-3055

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL L. EDWARDS, BETTY SUE EDWARDS,<br><br>             Plaintiffs,<br>v.<br><br>MICHAEL J. REYNOLDS, BETSY STRAUSS, CITY OF SANTA ROSA, A Municipality,<br><br>             Defendants.<br>_____ / | Case No.  C 07 4710 (MMC)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    May 2, 2008<br>Time:    10:30 a.m.<br>Place:   Courtroom 7, 19th Floor<br>          U.S. District Courthouse<br>          450 Golden Gate Avenue<br>          San Francisco<br>Judge:   Hon. Maxine Chesney |

The parties submit the following Joint Case Management Conference Statement:

1. <u>Jurisdiction and Service</u>:    Plaintiffs assert jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202, 1331m, 1343(a) and 1367(a).  Defendants Reynolds, Strauss and the City of Santa Rosa have been served and have answered the complaint.

2. <u>Facts</u>:   On November 13, 2006, an administrative hearing was conducted concerning alleged code violations at plaintiffs' residential property in Santa Rosa, California.  Defendant Betsy Strauss, an administrative hearing officer, found thirty five code violations existed and imposed penalties and costs of approximately $175,000 against the plaintiffs.  The hearing officer's decision was not appealed and became a final order.  On September 13, 2007, plaintiffs filed this action and allege their due process rights were violated.  Defendants claim there was no due process violation and that an independent hearing officer found 35 separate

1  violations and awarded mandatory penalties as set forth in the City of Santa Rosa's
2  administrative review of code violations ordinance.
3         3.    <u>Legal Issues</u>:   Plaintiffs claim due process violations and rely upon 42 U.S.C. §
4  1983, 28 U.S.C. §§ 2201, 2202, 1331m, 1343(a) and 1367(a).
5         Defendants Reynolds and Strauss claim that there is no showing that they acted under
6  color of state law or that the deprived plaintiffs of a constitutional right under *Balistreri v.*
7  *Pacifica Police Dept.* (9th Cir. 1990) 901 F. 2d 696, 699 and *Cassettari v. County of Nevada* (9th
8  Cir. 1987) 824 F. 2d 780, 783.  Defendant Strauss also claims she is immune from liability in the
9  performance of an adjudicatory function.  See *Butz v. Economou* (1978) 438 U.S. 478, 514;
10 *Sellars v. Procunier* (9th Cir. 1981) 641 F. 2d 1195, 1302-1303.
11        The City denies liability under *Monell v. Dept. of Social Services* (1978) 436 U.S., 658;
12 *Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F. 2d 1439 and *City of Oklahoma City v.*
13 *Tuttle* (1985) 471 U.S. 808.
14        4.    <u>Motions</u>:   Plaintiffs intend to file a motion for summary judgment.  Defendants
15 Reynolds and Strauss filed a motion to dismiss that was set to be heard on November 30, 2007.
16 The court denied the motion on November 26, 2007, and the defendants answered the complaint.
17 Defendants intend to file a motion for summary judgment.
18        5.    <u>Amendment of Pleadings</u>:   No amendments are anticipated, at this time, by
19 the parties.
20        6.    <u>Evidence Preservation</u>:   Not applicable.  Defendants have preserved photographs
21 and inspection reports that are in the City's possession and that have been sent to plaintiffs.
22        7.    <u>Disclosure</u>:   Defendants served their initial disclosures under F.R.C.P. 26 on
23 December 10, 2007.  Plaintiffs served their initial disclosures on December 19, 2007.
24        8.    <u>Discovery</u>:   Both sides have propounded basic interrogatories and a request for
25 production of documents.  Plaintiffs will take the depositions of defendants and any witnesses
26 they disclose. Defendants will also take the depositions of the plaintiffs and any witnesses they
27 disclose other than city employees.
28        No limitations or modifications of the discovery rules are anticipated.

Joint Case Management Conference Statement                                                2

Proposed Discovery Plan:

a) No changes should be made in the timing or method of Rule 26(a) disclosures. All parties have made their initial disclosures.

b) Plaintiffs believe the following subjects will require discovery: 1) defendant Reynolds' alleged misrepresentations and conduct concerning public files; and 2) defendant Strauss's holding of an administrative hearing without proper notice, misapplication of building code ordinances, and grossly exaggerating administrative penalties.

Defendants believe the following subjects will require discovery: 1) the factual basis for plaintiffs' claims concerning defendant Reynolds' alleged conduct, due process violations and trespass allegations; 2) the factual basis for plaintiffs' claims concerning defendant Reynolds' alleged misrepresentations and misstatements, and conduct concerning public files; 3) the factual basis for plaintiffs' claims regarding defendant Strauss' alleged due process violations; 4) the factual basis for plaintiffs' claims that the City of Santa Rosa violated law, procedure and plaintiffs' due process rights; 5) the factual basis and itemization of plaintiffs' claimed damages.

Defendants will also seek the production of all documents and the identity of all witnesses that support plaintiffs' claims.

Both sides request that discovery should be completed by December, 2008. Phased or focused discovery is not appropriate.

c) No issues are anticipated regarding electronically stored information or regarding claims of privilege or protection of trial preparation materials.

d) No changes are expected in the limitation of discovery nor are any other orders anticipated under Rule 26(c) or Rule 16(b) and (c).

9. <u>Class Action</u>:   Not applicable.

10. <u>Related Cases</u>:   None.

11. <u>Relief</u>:   By their complaint, plaintiffs are requesting $100,000 in damages against each of the individually named defendants. Plaintiffs are also claiming damages of $25,000 against the defendant City as the employer of defendants Reynolds and Strauss.

Defendants believe that plaintiffs' have suffered no actual injury since they have not paid

1  any part of the administrative award against them.

2      12. <u>Settlement and ADR</u>:  Prospects for settlement are fair.  The parties are not
3  interested in arbitration, but will not object to mediation.

4      13. <u>Consent to Magistrate Judge for all Purposes</u>:  Not applicable.  Defendants
5  Reynolds and Strauss have filed a Declination to Proceed Before Magistrate Judge.

6      14. <u>Other References</u>:  No.

7      15. <u>Narrowing of Issues</u>:  Not at this time.

8      16. <u>Expedited Schedule</u>:  No.

9      17. <u>Scheduling</u>: The defendants propose the following dates:

10      Designation of Experts: December 2008

11      Fact Discovery Cut-Off: December 2008

12      Expert Discovery Cut-Off: 30 days after disclosure

13      Hearing of Dispositive Motions: November 2008

14      Final Pre-Trial Conference: December 2008

15      Trial: February or March 2009

16      18. <u>Trial</u>:  5-6 day jury trial.

17      19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:  Defendants Reynolds
18  and Strauss filed their Civil L.R. 3-16 certification on December 11, 2007.

19

20  Dated: April ____, 2008

                                                            Randall L. Edwards, Plaintiff in pro se

21

22

23  Dated: April ____, 2008

                                                            Betty Sue Edwards, Plaintiff in pro se

24

25  Dated:  April ____, 2008

                                                            MICHAEL J. CASEY
26                                                              Assistant City Attorney
                                                            Attorney for Defendants

27

28