IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL L. EDWARDS, et al., | No. C-07-4710 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| MICHAEL J. REYNOLDS, et al., | |
| Defendants / | |

Before the Court is defendants Michael J. Reynolds ("Reynolds"), Betsy Strauss, and the City of Santa Rosa's ("Santa Rosa") Motion for Summary Judgment, filed November 5, 2008. Plaintiffs Randall Edwards and Betty Sue Edwards, who are appearing pro se, have not filed a response.[1] Having read and considered the papers submitted in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for December 12, 2008, and rules as follows.

1. To the extent plaintiffs' claims are based on the allegation that Reynolds "removed" from the "County Public records" the "public file" pertaining to real property located at 5976 Yerba Buena Road, Santa Rosa, California, and "altered" the file (see Compl. ¶¶ 15-17, 32), defendants have shown they are entitled to summary judgment.

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than November 21, 2008. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date).

1  Specifically, defendants have offered evidence, undisputed by plaintiffs, that plaintiffs
2  obtained the "complete" file (see Casey Decl. Ex. B at 70, 153); defendants also rely on
3  deposition testimony offered by Randall Edwards stating that he lacks evidence that any
4  record in the file at issue was altered (see id. at 167).

5       2. To the extent plaintiffs' claims are based on the allegation that plaintiffs were not
6  provided notice of the administrative hearing conducted by Strauss, defendants have
7  shown they are entitled to summary judgment.  At the hearing Strauss, pursuant to
8  § 1-30.100 of the Santa Rosa City Code, imposed a $175,000 penalty on Golden Lotus
9  Investment, LLC ("Golden Lotus"), the owner of record of 5976 Yerba Buena Road;
10  defendants have offered evidence, undisputed by plaintiffs, that plaintiffs sold their
11  ownership interest in the property at issue to Golden Lotus two months before the notice
12  was issued (see Reynolds Decl. ¶ 13, Ex. E), and, accordingly, as plaintiffs faced no
13  possibility of being deprived of any property or liberty interest at said hearing, they were not
14  entitled to notice thereof.  See Schroeder v. McDonald, 55 F. 3d 454, 462 (9th Cir. 1995)
15  (holding where plaintiff has no "recognized liberty or property interest at stake" in
16  proceeding, plaintiff not entitled to due process with respect to proceeding).  Further,
17  assuming, arguendo, plaintiffs have standing to raise claims on behalf of Golden Lotus,
18  defendants have offered evidence, undisputed by plaintiffs, that an agent of Golden Lotus
19  signed a form acknowledging having received actual notice of the hearing by certified mail.
20  (See Lynch Decl. Exs. F, G, H.)  Finally, to the extent plaintiffs bring such claim against
21  Strauss in her individual capacity, defendants have shown that Strauss is entitled to
22  absolute immunity.  (See Whitaker Decl. ¶ 9; Strauss Decl. ¶¶ 3-4); Olsen v. Idaho State
23  Board of Medicine, 363 F. 3d 916, 923-24 (9th Cir. 2003) (holding absolute immunity
24  available to "agency representatives performing functions analogous to those of a . . .
25  judge").

26       3. To the extent plaintiffs' claims are based on the allegation that any defendant
27  erred in instituting the administrative proceeding and/or that Strauss erred in finding the
28  property located at 5976 Yerba Buena Road was in violation of any Santa Rosa ordinance,

defendants have shown they are entitled to summary judgment.  First, because Golden Lotus, not plaintiffs, owns the property found to be in violation, plaintiffs lack standing to raise any such claim.  Second, <u>assuming</u>, arguendo, plaintiffs have standing to raise claims on behalf of Golden Lotus, defendants offer evidence that neither Golden Lotus nor plaintiffs sought judicial review of the decision rendered by Strauss (<u>see</u> Lynch Decl. ¶ 16); accordingly, plaintiffs are precluded from seeking review in a federal court.  <u>See</u> <u>Miller v. County of Santa Rosa</u>, 39 F. 3d 1030, 1032, 1038 (9th Cir. 1994) (holding where "de novo judicial review is available" in state court, "unreviewed findings of a state administrative tribunal are entitled to preclusive effect in a subsequent . . . action in federal court"); Santa Rosa City Code § 1-30.120 (providing "any person contesting the final administrative order or decision made pursuant to [§ 1-30.100] may seek review by filing an appeal to be heard by the superior court [pursuant to Government Code] Section 53069.4); Cal. Gov't Code § 53069.4 (providing for "de novo" judicial review of findings made by administrative hearing officers).

**CONCLUSION**

For the reasons stated, defendants' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  December 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge