IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDALL L. EDWARDS, et al.,

    Plaintiffs,

v.

MICHAEL J. REYNOLDS, et al.,

    Defendants

No. C-07-4710 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**

    Before the Court is defendants Michael J. Reynolds ("Reynolds"), Betsy Strauss ("Strauss"), and the City of Santa Rosa's ("Santa Rosa") Motion for Summary Judgment, filed November 5, 2008. Plaintiffs Randall Edwards and Betty Sue Edwards, who are appearing pro se, have filed opposition, to which defendants have replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 3, 2009, and rules as follows.

    1. To the extent plaintiffs' claims are based on the allegation that plaintiffs were not provided notice of the administrative hearing conducted by Strauss, defendants have shown they are entitled to summary judgment. At the hearing Strauss, pursuant to § 1-30.100 of the Santa Rosa City Code, imposed a $175,000 penalty on Golden Lotus Investment, LLC ("Golden Lotus"), the owner of record of 5976 Yerba Buena Road, Santa Rosa, California. (See Strauss Decl. ¶¶ 5, 7, Ex. A.) Defendants have offered evidence,

undisputed by plaintiffs, that plaintiffs sold their ownership interest in the property at issue to Golden Lotus two months before the notice was issued (see Reynolds Decl. ¶ 13, Ex. E), and, accordingly, as plaintiffs faced no possibility of being deprived of any property or liberty interest at said hearing, they were not entitled to notice thereof.  See Schroeder v. McDonald, 55 F. 3d 454, 462 (9th Cir. 1995) (holding where plaintiff has no "recognized liberty or property interest at stake" in proceeding, plaintiff not entitled to due process with respect to proceeding).  To the extent plaintiffs argue Golden Lotus was not provided adequate notice of the hearing, plaintiffs lack standing to raise claims on behalf of Golden Lotus, even assuming plaintiffs are officers of, or otherwise affiliated with, Golden Lotus. See Sherman v. British Leyland Motors, Ltd., 601 F.2d 429, 439-40 and n.13 (9th Cir. 1979) (holding president and sole shareholder of corporation lacked standing to bring suit alleging corporation had been injured).[1]  Finally, to the extent plaintiffs bring such claim against Strauss in her individual capacity, defendants have shown Strauss is entitled to summary judgment for the alternative reason that Strauss is entitled to absolute immunity. (See Whitaker Decl. ¶ 9; Strauss Decl. ¶¶ 3-4); Olsen v. Idaho State Board of Medicine, 363 F. 3d 916, 923-24 (9th Cir. 2003) (holding absolute immunity available to "agency representatives performing functions analogous to those of a . . . judge").

       2. To the extent plaintiffs' claims are based on the allegation that Reynolds deprived plaintiffs of due process by "remov[ing]" from "County Public [R]ecords" the "public file" pertaining to real property located at 5976 Yerba Buena Road and "thereby keeping [p]laintiffs from the truth and/or allowing [p]laintiffs' defense," (see Compl. ¶¶ 15-17, 39), defendants have shown they are entitled to summary judgment.  As discussed above, plaintiffs faced no possibility of a deprivation of liberty or property at the hearing, and, to the

---

[1] In an apparent attempt to argue why they have standing to assert claims on behalf of Golden Lotus, plaintiffs state that Golden Lotus and plaintiffs are "one and the same." (See Pls.' Opp., filed February 27, 2009, at 2:16-18.)  In support of such assertion, plaintiffs rely on an affidavit submitted by William Breck ("Breck").  Breck, who states he is counsel for Golden Lotus, does not, however, state in his affidavit that Golden Lotus and plaintiffs are "one and the same" or otherwise offer any testimony that could support such a finding. (See Pls.' Evidence Ex. K.)

extent plaintiffs may be contending their lack of access to the public file impaired Golden Lotus's ability to prepare a defense to the administrative charges made by Santa Rosa, plaintiffs lack standing to raise such claim on behalf of Golden Lotus.

      3. To the extent plaintiffs' claims are based on the allegation that any defendant erred in instituting the administrative proceeding and/or that Strauss erred in finding the property located at 5976 Yerba Buena Road was in violation of any Santa Rosa ordinance, defendants have shown they are entitled to summary judgment.  First, because Golden Lotus, not plaintiffs, owns the property found to be in violation, plaintiffs lack standing to raise any such claim.  Second, even assuming, <u>arguendo</u>, plaintiffs have standing to raise claims on behalf of Golden Lotus, defendants offer evidence that neither Golden Lotus nor plaintiffs sought judicial review of the decision rendered by Strauss (<u>see</u> Lynch Decl. ¶ 16); accordingly, plaintiffs are precluded from seeking review in a federal court.  See <u>Miller v. County of Santa Rosa</u>, 39 F. 3d 1030, 1032, 1038 (9th Cir. 1994) (holding where "de novo judicial review is available" in state court, "unreviewed findings of a state administrative tribunal are entitled to preclusive effect in a subsequent . . . action in federal court"); Santa Rosa City Code § 1-30.120 (providing "any person contesting the final administrative order or decision made pursuant to [§ 1-30.100] may seek review by filing an appeal to be heard by the superior court [pursuant to Government Code] Section 53069.4); Cal. Gov't Code § 53069.4 (providing for "de novo" judicial review of findings made by administrative hearing officers).

## CONCLUSION

      For the reasons stated, defendants' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: March 19, 2009

MAXINE M. CHESNEY
United States District Judge

3