IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL L. EDWARDS, et al., | No. C-07-4710 MMC |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' PETITION FOR RECONSIDERATION** |
| v. | |
| MICHAEL J. REYNOLDS, et al., | |
| Defendants / | |

On March 18, 2009, the Court granted defendants' motion for summary judgment, and, on March 19, 2009, the Clerk entered judgment in favor of defendants and against plaintiffs Randall Edwards and Betty Sue Edwards.

Before the Court is plaintiffs' "Petition for Reconsideration," filed April 3, 2009. Having read and considered the petition, the Court rules as follows.

In their petition, plaintiffs, who appear pro se, argue that Golden Lotus, LLC ("Golden Lotus"), which is not a party to the instant action, was harmed by defendants and that Golden Lotus is "currently barred from a defense by the [Court's] Summary Judgment ruling." (See Petition at 3.) In reliance on said argument, plaintiffs request leave to amend their complaint to add claims on behalf of Golden Lotus.

A corporation, such as Golden Lotus, "may appear in federal court only through licensed counsel." See United States v. High Country Broadcasting Co., 3 F.3d 1244,

1245 (9th Cir. 1993). Because plaintiffs are not counsel for Golden Lotus,[1] plaintiffs cannot seek relief on behalf of Golden Lotus in the instant action, including requesting leave to file claims on behalf of Golden Lotus. Consequently, the Court need not determine whether good cause exists to reopen the judgment for purposing of allowing the filing of an amended complaint. See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996) (holding "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened").

Accordingly, plaintiffs' petition is hereby DENIED.[2]

**IT IS SO ORDERED.**

Dated: April 28, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] In their petition, plaintiffs state that Betty Sue Edwards is the "manager" of Golden Lotus.

[2] The Court expresses no opinion on whether Golden Lotus is "barred" from bringing, through counsel, its own action against any of the defendants named in the above-titled action.