IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL L. EDWARDS, et al., | No. C-07-4710 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES** |
| v. | |
| MICHAEL J. REYNOLDS, et al., | |
| Defendants / | |

    Before the Court is defendants Michael J. Reynolds, Betsy Strauss, and the City of Santa Rosa's ("City") "Motion for Award of Attorney's Fees," filed March 30, 2009. Plaintiffs Randall Edwards and Betty Sue Edwards have jointly filed two opposition briefs, one on March 31, 2009, and the other on April 3, 2009, to which defendants have replied. Further, with leave of court, plaintiffs filed supplemental opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.

    In their complaint, plaintiffs alleged defendants violated 42 U.S.C. § 1983. In particular, plaintiffs alleged defendants deprived plaintiffs of due process by failing to provide proper notice of an administrative hearing concerning certain alleged code violations at 5976 Yerba Buena Road, Santa Rosa, California, by failing to allow plaintiffs access to a file plaintiffs asserted was necessary to defend against the administrative

charges, by lacking sufficient cause to file the administrative proceeding against the owner of the subject property, and by finding, at the administrative hearing, that code violations had occurred and that the property owner was liable for penalties in the total sum of $175,000.

By order filed March 18, 2009, the Court granted defendants' motion for summary judgment, for the reason plaintiffs had failed to offer any evidence to support a finding that plaintiffs had been deprived of due process. As discussed in said order, plaintiffs, prior to the date on which the City instituted the administrative proceeding, sold the subject property to Golden Lotus Investment, LLC ("Golden Lotus"), and, as a result, the administrative proceeding was instituted against Golden Lotus, not against plaintiffs. As a result, plaintiffs were not, and could not have been, deprived of any property or liberty interest at or in connection with the administrative hearing.

By the instant motion, defendants seek an award of attorney's fees in the total amount of $9100. "A district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was unreasonable, frivolous, meritless, or vexatious." Franceschi v. Schwartz, 57 F.3d 828, 832 (9th Cir. 1995) (internal quotation and citation omitted). "A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." Gibson v. Office of the Attorney General, 561 F.3d 920, 929 (9th Cir. 2009) (internal quotation, citation, and alteration omitted). "A losing § 1983 claim is without merit only if it is groundless or without foundation." Id. (internal quotation and citation omitted).

Here, plaintiffs knew, when they filed the instant action, that they had sold the subject property to Golden Lotus before the administrative proceeding was instituted, and have never argued that, in spite of their having sold the property to Golden Lotus, they nonetheless retained an interest in the property. In short, the result of plaintiffs' claim that they were deprived of due process with respect to the manner in which the administrative hearing was conducted was "obvious," and the claim that plaintiffs themselves were deprived of due process was "groundless" and "without foundation." See id. Under such

2

circumstances, the Court finds plaintiffs' claims against defendants were frivolous and meritless,[1] and, accordingly, the Court has discretion to award fees to defendants.

In arguing the Court should not exercise such discretion, plaintiffs assert that because defendants are represented by an attorney employed by the City, defendants are not entitled to receive an award of attorneys' fees. The Court disagrees; attorneys' fees may be awarded under § 1988 where the prevailing parties' counsel is "publicly funded." See Dennis v. Chang, 611 F.2d 1302, 1304 n.4 (9th Cir. 1980). Plaintiffs also argue they owned the subject property at the time the City several Notices of Violation, the receipt of which, according to plaintiffs, "forced" them to "defend" the property and to file the instant action. (See Pls.' Response, filed March 31, 2009.) Plaintiffs have not alleged herein, let alone offered any evidence to support a finding, however, that the City's letters constituted deprivations of property and/or liberty, and, as discussed above, plaintiffs sold the property to Golden Lotus before the City instituted the above-referenced administrative proceeding, in which the deprivations are alleged to have occurred.[2] In sum, plaintiffs have failed to identify any circumstance warranting the Court's declination to exercise its discretion to award fees, and the record does not disclose any such circumstance. Accordingly, the Court finds it proper to exercise its discretion to award fees in the instant action.

Defendants, as noted, seek an award of $9100. The Court, based on the evidence submitted by defendants and a review of the record herein, finds the hourly rate sought, specifically, $325, is reasonable, and that the number of hours expended, specifically, 28

---

[1] Because Golden Lotus is not a party hereto, the Court expresses no opinion as to the merits of any claim Golden Lotus might make against any defendant.

[2] The City sent plaintiffs a Notice of Violation in March 2006, and three Notices of Violation on various dates in May 2006. (See Reynolds Decl., filed November 5, 2008, Exs. A-D.) On July 3, 2006, plaintiffs sold the subject property to Golden Lotus (see Lynch Decl. Ex. C), after which the City, in August 2006 and again in September 2006, sent Notices of Violation to Golden Lotus (see id. Ex. D). Subsequently, on or about September 27, 2006, the City instituted the above-referenced administrative proceeding, naming therein Golden Lotus as the sole "Responsible Party," and alleging Golden Lotus was liable for penalties. (See id. Ex. F.)

hours, was reasonable.[3]

Accordingly, the Court finds defendants are entitled to an award of attorneys' fees in the amount of $9100.

**CONCLUSION**

For the reasons stated above, defendants' motion for an award of attorneys' fees is hereby GRANTED, and defendants are awarded the sum of $9100.

**IT IS SO ORDERED.**

Dated: June 10, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3]Although plaintiffs have argued the Court should decline to exercise its discretion to award fees, plaintiffs have not alternatively argued that the hourly rate sought by defendants and/or the amount of hours claimed is unreasonable.